UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | SA-25-CV-388-OLG (HJB) |
| SAN ANTONIO POLICE DEPARTMENT, OFFICER RICARDO CARRERA PINEYRO BADGE #1363, and OFFICER MARK AVILA BADGE #3600, | | |
| Defendants. | | |

## ORDER

Before the Court is Plaintiff's Motion for Recusal of Magistrate Judge Henry J. Bemporad Pursuant to 28 U.S.C. § 455(a). (Docket Entry 22.) Pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (Docket Entry 23.) For the reasons set out below, Plaintiff's motion (Docket Entry 22) is **DENIED**.

Section 455(a) mandates recusal whenever a judge's "impartiality might reasonably be questioned." A judge must also recuse "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

Plaintiff moves for recusal under both subsections, arguing that the undersigned's "action's across multiple proceedings" demonstrates bias, disregard for procedural rights, and retaliation. (Docket Entry 22, at 2–4.) Plaintiff therefore requests that the undersigned be recused from all of his current and future civil actions in the Western District of Texas. (*Id.* at 5.)

The standard for evaluating motions for recusal is an objective one—whether a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" would find personal bias or impartiality to be present. *Andrade*, 338 F.3d at 455 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)). Absent such a showing, the motion should be denied, as a judge is "obligated not to recuse himself without reason." *United States v. Rhodes*, 332 F. Supp. 2d 965, 967–68 (N.D. Tex. 2004).

Plaintiff has not shown a legitimate basis for recusal under § 455(a). Although Plaintiff asserts that the undersigned has issued erroneous orders or recommendations, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Andrade*, 338 F.3d at 455 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. In Plaintiff's pending cases, the undersigned's orders and recommendations were all reviewable by the District Court. *See* FED. R. CIV. P. 72.[1] While Plaintiff may disagree with the undersigned's rulings and recommendations, that is not a basis for recusal.

Turning to § 455(b)(1), nothing in Plaintiff's motion suggests any conflict of interest that would require recusal. Plaintiff asserts that the undersigned engaged in improper *ex parte* communications with defendants in *Garces v. Hernandez, et al.* Cause No. SA-25-CV-81-JKP (HJB), but his only ground for this assertion is that the undersigned "adopted defendants' proposed

---

[1] Plaintiff's specifically objects to the Court's conclusion, in recommendations to the District Court, that some of his claims were frivolous under § 1915(e)(2)(B)(i). That statute, however, specifically requires judges to dismiss "frivolous" claims—*i.e.*, those that are "baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible." *Brinson v. McKeeman*, 992 F. Supp. 897, 905 (W.D. Tex. 1997); *see Davis v. Hagen*, No. 4:25-CV-1933, 2025 WL 1456671, at *1 (S.D. Tex. May 21, 2025). To the extent that Plaintiff disagreed with the Court's assessment of his claims under § 1915(e), the proper remedy was to file objections with the District Court. *See* 28 U.S.C. § 636(b), FED. R. CIV. P. 72.

orders [sic] verbatim within 24 hours." (Docket Entry 22, at 3.) Plaintiff may be referring to a motion for an extension of time to file responsive pleadings, which the undersigned granted the same day by text order—not by adopting a proposed order. *Garces v. Hernandez*, et al., No. SA-25-CV-81-JKP (HJB), Text Order (W. D. Tex. Feb. 27, 2025). In any event, the quick granting of a motion, even by adopting a proposed order, does not reflect *ex parte* communication, but instead a determination that a motion has merit, and that quick resolution is in the interests of justice.[2] And even if the ruling was erroneous, the relief would, again, be an appeal not recusal.

For all these reasons, Plaintiff's Motion for Recusal of Magistrate Judge Henry J. Bemporad Pursuant to 28 U.S.C. § 455(a) (Docket Entry 22) is **DENIED**.

It is so **ORDERED**.

**SIGNED** on July 23, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge

---

[2] For example, in the case cited in the motion, the defendants had shown good cause for the requested extension, having just retained an attorney and needing additional time to review Plaintiff's complaint, investigate his allegations, and respond. *Garces v. Hernandez, et al.*, No. SA-25-CV-81-JKP (HJB), Opposed Motion for Extension of Time, at 1–2 (W.D. Tex. Feb. 27, 2025). The quick turnaround was necessary, furthermore, in that one of the defendant's deadlines would have otherwise lapsed that same day. *Id.* at 1.