Case 5:25-cv-00388-OLG-HJB   Document 29   Filed 07/31/25   Page 1 of 9

FILED
July 31, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____vl_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW ANDREW GARCES, §
§
*Plaintiff, Pro Se*, §
§ CASE NO. **5:25-CV-00388-OLG-HJB**
v. §
§
CITY OF SAN ANTONIO, *et. al.*, §
§
*Defendants*. §

_____

**PRO SE LITIGANT EMERGENCY MOTION FOR ADMINISTRATIVE STAY, EXPEDITED REVIEW, AND INJUNCTIVE RELIEF PURSUANT TO FED. R. APP. P. 8(a) AND 5TH CIR. R. 8.1**

_____

**TO THE CLERK OF THIS HONORABLE COURT AND THE PANEL ASSIGNED:**

(Incorporating Notice of Judicial Misconduct, Due Process Violations, and Irreparable Harm)

**TO THE CLERK AND THE PANEL ASSIGNED:**

Petitioner **Matthew Andrew Garces**, *pro se*, respectfully moves for:

1. **Immediate Administrative Stay** of eviction proceedings (Cause No. 41E2502691);

2. **Expedited Review** of this Motion; and

3. *Vacatur* of the District Court's text-order denials (ECF 2, 32, 33 in 5:25-CV-00441-JKP-HJB).

**GROUNDS:** Un-rebutted evidence of indigency/disability, state court violations of Tex. Prop. Code § 24.0053(c), District Court's unexplained denials of emergency relief violating due process, and judicial retaliation evidenced by new orders in *Garces v. Univ. Hosp.* (5:25-CV-580, ECF 14) and *Garces v. SAPD* (5:25-CV-388, ECF 28) demonstrating bias and threat of sanctions against protected litigation activity. This notice incorporates by reference all pleadings, motions, and exhibits filed in the underlying District Court action (5:25-CV-00609-OLG-ESC), including the Fourth Amended Complaint, and relevant state court records, supplemented by the new facts and orders herein.

**SUPPORTING AUTHORITY:** Fed. R. App. P. 3, 8(a); 5th Cir. R. 8.1, 15.2, 27.3; 28 U.S.C. § 1651(a); *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Byrum v. Landreth*, 566 F.3d 442, 445–46 (5th Cir. 2009); *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

I. STATEMENT OF IRREPARABLE HARM

Appellant faces eviction on/after August 1, 2025, despite:

1. **Un-rebutted Indigency:** Sworn Affidavit (July 23, 2025) proving $0

income, SNAP benefits ($291/month), negative bank balance, and severe disabilities requiring spinal surgery. *Goldin v. Bartholow*, 166 F.3d 710, 715 (5th Cir. 1999) (eviction moots claims).

    2. *Mandatory State Law Violation:* State court order (Judge Tavera, July 28, 2025) ignored Tex. Prop. Code § 24.0053(c)'s exemption for indigent tenants. *In re J.A.K.*, 180 S.W.3d 789, 792 (Tex. App.—Beaumont 2005) (failure to apply § 24.0053(c) is reversible error).

    3. **Imminent Harm:** Eviction will cause homelessness, cancel life-saving surgeries, and destroy ADA-compliant housing. *Frame v. City of Arlington*, 657 F.3d 215, 235 (5th Cir. 2011) (loss of ADA accommodations is irreparable injury).

## II. JUDICIAL MISCONDUCT AND DUE PROCESS VIOLATIONS

### A. Unexplained Text-Order Denials Violate Due Process

Judge Pulliam's July 30, 2025 text orders (ECF 32, 33, 2) denied emergency motions without findings, violating:

    1. **Fed. R. Civ. P. 52(a)(2) & 65(d):** Requires findings for injunctive rulings. *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

    2. *Due Process:* Failure to provide reasoning denies meaningful appellate review. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *Byrum*, 566 F.3d at 446.

B. New Orders Demonstrate Judicial Bias and Retaliation

Judge Pulliam's orders in *Garces v. Univ. Hosp.* (ECF 14) and *Garces v. SAPD* (ECF 28) on July 30, 2025:

1. **Baseless "Frivolous" Designation:** Denied recusal motions as "frivolous" without addressing substantive allegations of bias, violating the duty to inquire into partiality. *Liteky*, 510 U.S. at 552 ("[O]pinions formed by the judge on the basis of facts introduced... are **not** basis for recusal unless they display deep-seated favoritism or antagonism.").

2. **Retaliatory Sanction Threats:** Warnings of sanctions for seeking recusal chill access to courts. *In re McDonald*, 489 U.S. 180, 184 (1989) (sanctions must not penalize protected litigation); *Bivens v. Six Unknown Agents*, 456 F.2d 1339, 1347 (2d Cir. 1972) (retaliatory sanctions violate due process).

3. **Failure to Address Evidence:** Ignored Appellant's verified evidence of Magistrate Bemporad's retaliatory pattern. *United States v. Bennett*, 539 F.3d 25, 30 (1st Cir. 2008) (failure to consider relevant evidence is abuse of discretion).

### III. LEGAL BASIS FOR EMERGENCY RELIEF

A. Abuse of Discretion Under *Younger* Bad-Faith Exception

Federal intervention is compelled because:

1. State court **willfully violated** mandatory Tex. Prop. Code § 24.0053(c). *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (bad faith shown by "flagrantly

violat[ing] express constitutional or statutory commands").

    2. State proceeding lacks adequate forum for indigency claims. *Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016) (bad faith exists where state process is "inadequate").

B. Judicial Bias Requires Recusal Under 28 U.S.C. § 455(a)

    Magistrate Bemporad's pattern of accelerated adverse rulings after Appellant sued Judge Biery (e.g., recommending dismissal in 72 hours vs. FRCP 72(b)(2)'s 14-day period) creates "reasonable doubt" about impartiality. *Liteky*, 510 U.S. at 555; *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). Judge Pulliam's refusal to address this—while threatening sanctions—compounds due process violations. *Taylor v. Hayes*, 418 U.S. 488, 501–03 (1974) (bias shown by adversarial conduct toward litigant).

C. Substantial Likelihood of Success on Merits

    1. **Due Process:** State court denied hearing on indigency. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

    2. **Equal Protection/ADA:** Evicting disabled indigent violates ADA. *Wisconsin Cmty. Servs. v. City of Milwaukee*, 465 F.3d 737, 749 (7th Cir. 2006).

    3. **Retaliation:** Eviction followed insurance claim, therefore voiding lease under Tex. Prop. Code § 92.334(a). *Smith v. Hewett,* 110 S.W.3d 611, 614 (Tex.

App.—Dallas 2003).

## IV. PRAYER FOR RELIEF

Appellant requests:

1. **ADMINISTRATIVE STAY** of eviction pending review.

2. **EXPEDITED REVIEW** of this Motion within 48 hours.

3. **VACATUR** of Judge Pulliam's orders (ECF 2, 32, 33 in 5:25-CV-00441).

4. **REMAND** with instructions to:

    a. Grant TRO enjoining eviction;

    b. Stay state proceedings;

    c. Order compliance with Tex. Prop. Code § 24.0053(c);

    d. Hold evidentiary hearing on judicial bias.

5. **REFERRAL** of Judges Pulliam, Bemporad, Tavera, Biery, and Chestney to judicial conduct authorities.

## V. ATTACHMENTS:

1. Declaration of Matthew Andrew Garces (**Medical Hardship**)

2. **Orders:** *Garces v. Univ. Hosp.* (5:25-CV-580, ECF 14); *Garces v. SAPD* (5:25-CV-388, ECF 28)

3. Sworn Affidavit of Indigency (July 23, 2025)

## VI. ATTACHMENT:

## DECLARATION OF MATTHEW ANDREW GARCES

I, **Matthew Andrew Garces**, declare under penalty of perjury:

1. I require four staged surgeries (ORIF hand, lumbar microdiscectomy, cervical repair, foot cheilectomy).

2. Eviction will terminate my housing ADA accommodations, making post-surgery recovery impossible.

3. I have been unable to establish new medical care due to eviction threat.

4. My April 2025 rent delay resulted from injury-related financial strain.

5. I will suffer irreversible harm if evicted during surgical sequence.

**Date:** July 31, 2025.

By: **/s/ Matthew Garces**
Matthew A. Garces, RN, CEO,
Pro-Se Petitioner

## VII. CERTIFICATE OF COMPLIANCE

I, **Matthew Andrew Garces**, undersigned, certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,403 words, as determined by APPLE, INC. PAGES 2024 word processing software.

2. This document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using APPLE, INC. PAGES 2024 in Times New Roman (14-point).

**Dated:** <u>July 31, 2025.</u>

By: <u>**/s/ Matthew Garces**</u>
Matthew A. Garces, RN, CEO,
*Pro Se* Appellant - Petitioner

## VIII. VERIFICATION

I, Matthew Andrew Garces, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing facts and arguments are true and correct to the best of my knowledge, information, and belief.

**DATE:** <u>July 31, 2025.</u>

By: <u>**/s/ Matthew Garces**</u>
Matthew A. Garces, RN, CEO,
*Pro Se* Appellant - Petitioner

## IX. CERTIFICATE OF SERVICE

I hereby certify that on this **<u>July 31, 2025</u>**, a true and correct copy of the foregoing PRO SE LITIGANT EMERGENCY MOTION FOR

ADMINISTRATIVE STAY, EXPEDITED REVIEW, AND INJUNCTIVE RELIEF PURSUANT TO FED. R. APP. P. 8(a) AND 5TH CIR. R. 8.1 was served electronically via the Court's CM/ECF system via electronic submission for pro se filers' dropbox upon all counsel of record, email to malopez@bexar.org and rossbachconstruction@gmail.com.

By: **/s/ Matthew Garces**
Matthew A. Garces, RN, CEO,

*Pro-Se* Appellant - Petitioner
814 Burnet Street, Apt #3,
San Antonio, TX 78202
Phone: (210) 966-3554
Email: drummajormac@gmail.com