FILED

August 05, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ vl

DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| City of San Antonio, SAPD Officer Ricardo | § | CASE NO.: 5:25-CV-00388-OLG |
| Carrera Pineyro, Badge #1363, SAPD | § | |
| Officer Mark Avila, Badge #3600, and | § | |
| National General Insurance Company | § | |
| (an Allstate company), | § | |
| | § | |
| *Defendants.* | § | |

## OBJECTIONS TO DEFENDANTS' RULE 26(f) REPORT
## AND PROPOSED SCHEDULING ORDER

Defendants' submission demonstrates a pattern of bad-faith obstructionism

in violation of Fed. R. Civ. P. 1 and 26, requiring judicial intervention under

*Chambers v. NASCO* (501 U.S. 32, 45-46 (1991)).

### I.    DEFENDANTS' DISCOVERY STAY REQUEST IS LEGALLY
### DEFICIENT

Defendants' refusal to participate in discovery pending immunity resolution

contravenes binding authority:

1. **Qualified Immunity Does Not Bar All Discovery**

"Limited discovery may be necessary before the district court can resolve a qualified immunity defense." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). Defendants' blanket refusal to disclose information—even basic Rule 26(a)(1) materials—ignores *Backe v. LeBlanc* (691 F.3d 645, 648 (5th Cir. 2012)), which mandates tailored discovery where immunity turns on disputed facts.

### 2. Sovereign Immunity Claims Are Frivolous

SAPD is a non-jural entity (*Darby*, 939 F.2d at 313). Any immunity defense by SAPD is legally impossible, rendering Defendants' position sanctionable under 28 U.S.C. § 1927.

## II.     DEFENDANTS' RULE 26(f) VIOLATIONS WARRANT SANCTIONS

Defendants' "No" responses to 12 of 14 Rule 26(f) questions constitute willful noncompliance:

- **Failure to Preserve Evidence**: Defendants' denial of preservation issues ignores their duty under *Zubulake* to safeguard ESI related to fabricated police reports and insurer communications.

- **Bad-Faith Conferral**: Rule 26(f) requires substantive discussion of disputed issues. Defendants' boilerplate denials violate the "spirit of cooperation" mandated by *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001).

III.    PLAINTIFF'S PROPOSED SCHEDULING ORDER MUST GOVERN

Plaintiff's submission complies with Local Rules and constitutional due process:

1. **Tailored Discovery Schedule**

Plaintiff's deadlines accommodate **qualified immunity discovery limits** while ensuring timely resolution (*Crawford-El v. Britton*, 523 U.S. 574, 593 (1998)).

2. **Judicial Economy**

Early mediation and phased discovery align with Fifth Circuit efficiency goals (*In re Stone*, 986 F.2d at 902)). Defendants' refusal to mediate evidences bad faith under Tex. Civ. Prac. & Rem. Code § 154.002.

IV.    ATTACHMENTS

1. Plaintiff's JOINT REPORT OF PARTIES UNDER FRCP 26(f) AND PROPOSED SCHEDULING ORDER;

2. Defendants JOINT FED. R CIV. P. 26(f) REPORT;

3. Defendant's PROPOSED SCHEDULING ORDER.

V.    PRAYER FOR RELIEF

Pursuant to Fed. R. Civ. P. 16(b) and 37(f):

1. **ADOPT** Plaintiff's scheduling order.

2. **ORDER** Defendants to produce Rule 26(a)(1) disclosures within 7 days.

3. **COMPEL** Defendants to supplement Rule 26(f) report with substantive
   responses.

4. **IMPOSE SANCTIONS** under Rule 37(b)(2)(A) for discovery abuse.

VI. VERIFICATION

I, **<u>Matthew Andrew Garces</u>**, declare under penalty of perjury pursuant to
28 U.S.C. § 1746 that the foregoing facts and arguments are true and correct to the
best of my knowledge, information, and belief.

**DATE:** August 5, 2025.

By: **<u>/s/ Matthew Garces</u>**
Matthew A. Garces, RN, CEO, *Pro Se*

CERTIFICATE OF SERVICE

I hereby certify that on this July 31, 2025, a true and correct copy of the
foregoing OBJECTIONS TO DEFENDANTS' RULE 26(f) REPORT AND
PROPOSED SCHEDULING ORDER was served electronically via the Court's
CM/ECF system's electronic submission for pro se filers' dropbox upon all counsel
of record, emailed to <u>mk@fitzkoslaw.com</u>, <u>muhammad.Bhatti@ngic.com</u>,

christopher.Jarvis@ngic.com, kim.Donohoe@ngic.com, and faxed to City of San

Antonio Civil Attorney, Deborah Klein, at (210) 207-4357.


By: **/s/ Matthew Garces**
Matthew A. Garces, RN, CEO, *Pro Se*
814 Burnet Street, Apt #3,
San Antonio, TX 78202
Phone: (210) 966-3554
Email: drummajormac@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CASE NO. SA-25-CV-388-OLG (HJB)** |
| | § | |
| CITY OF SAN ANTONIO, et al., | § | |
| | § | |
| *Defendants*. | § | |

## JOINT REPORT OF PARTIES UNDER FRCP 26(f) AND PROPOSED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order (Dkt. [25]), Plaintiff Matthew Andrew Garces (Pro Se) and Defendants City of San Antonio, Ricardo Carrera-Pineyro, Mark Avila, and National General Insurance Co. submit this Joint Report. Disagreements are noted where applicable.

## I. RULE 26(f) REPORT

1. Causes of Action, Defenses, and Elements:

   * **Plaintiff's Claims:**

   * **§ 1983 Due Process Violation (14th Amendment):** Elements: (1) State action (*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); (2)

Deprivation of life, liberty, or property without due process (*Zinermon v. Burch*, 494 U.S. 113, 125 (1990)); (3) Causation (*Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). **Allegations:** Fabrication of evidence (road rage), omission of exculpatory evidence (fleeing truck), witness intimidation causing denial of PIP benefits, reputational harm, and threat of prosecution (*DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999); *Brady v. Maryland*, 373 U.S. 83 (1963)).

* **§ 1985(3) Conspiracy:** Elements: (1) Conspiracy; (2) For purpose of depriving equal protection/privileges; (3) Overt act; (4) Injury/ Deprivation (*Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971)). **Allegations:** SAPD & National General conspired to fabricate report to deny PIP benefits.

* **Fraud (TX Law):** Elements: (1) Material misrepresentation; (2) Knowledge of falsity; (3) Intent to induce reliance; (4) Actual reliance; (5) Damages (*Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977)). **Allegations:** False "road rage" assertion in police report relied on by insurer.

* **IIED (TX Law):** Elements: (1) Intentional/Reckless conduct; (2) Extreme/Outrageous; (3) Causation; (4) Severe emotional distress

(*Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). **Allegations:**
Fabrication, omissions, threats exacerbated PTSD.

* **Breach of Contract/Bad Faith (TX Law):** Elements: (1) Valid PIP
  policy; (2) Plaintiff performed/occurred; (3) Breach (denial); (4)
  Damages (*Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50 (Tex.
  1997)); Bad Faith: No reasonable basis for denial, failure to
  investigate (*Tex. Ins. Code § 541.060*). **Allegations:** Denial based on
  falsified report.

* **Defamation (TX Law):** Elements: (1) False statement; (2) Publication;
  (3) Fault; (4) Damages (*Duty v. Gen. Fin. Co.*, 154 S.W.2d 566, 568
  (Tex. Civ. App. 1941)). **Allegations:** False report published to insurer/
  public.

* **Defendants' Defenses (Answer & Anticipated):**

* **Qualified Immunity (Officers):** Conduct objectively reasonable, not
  violating clearly established law (*Harlow v. Fitzgerald*, 457 U.S. 800,
  818 (1982); *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th
  Cir. 2010)).

* **Sovereign/Governmental Immunity (City/SAPD):** SAPD not suable
  entity; City immune for state torts absent waiver (*Monell v. Dep't of
  Soc. Servs.*, 436 U.S. 658, 690 n.54 (1978); **Tex. Civ. Prac. & Rem.
  Code § 101.021**).

* **No State Action (National General):** Private insurer not state actor absent conspiracy (*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

* **Failure to State a Claim:** Insufficient factual specificity (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

* **Official Immunity (TX Law - Officers):** Good faith performance of discretionary duties (*City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994)).

* **No Conspiracy:** Lack of agreement or class-based animus (*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)).

* **Damages Caps:** Statutory limitations (**Tex. Civ. Prac. & Rem. Code § 108.002(a)**).

* **Denial of Underlying Facts:** Dispute all allegations of fabrication, omission, intimidation, and bad faith.


2. Jurisdictional Issues:

* **Federal Question Jurisdiction (28 U.S.C. § 1331):** Uncontested for § 1983/§ 1985 claims.

* **Supplemental Jurisdiction (28 U.S.C. § 1367):** Uncontested for state law claims arising from common nucleus.

* **Diversity Jurisdiction (28 U.S.C. § 1332):** NOT APPLICABLE (City is TX citizen; Plaintiff TX citizen). Jurisdiction rests solely on federal question.

3. Unserved Parties:

* City of San Antonio Attorney Deborah Klein.

* National General (An Allstate Company).

4. Stipulations/Agreed Facts:

* **Agreed:** Accident occurred on 10/09/2024; SAPD Report #SAPD24219863 exists; Plaintiff had spinal surgery on 09/23/2024; Plaintiff had National General Policy #240848999; Plaintiff made PIP claim.

* **Disputed:** Virtually all other facts (cause of accident, content of witness communications, reason for claim denial, existence of conspiracy, nature of injuries/damages).

5. Legal Issues for Narrowing:

* **Qualified Immunity:** Early motion to dismiss/determination on clearly established law (*Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

\* **State Action (National General):** Motion to dismiss testing sufficiency of conspiracy allegations (*Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Lugar*, 457 U.S. at 937).

\* **Sovereign Immunity (State Torts):** Motion to dismiss City/Officers on state tort claims (*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)).

\* **Monell Liability:** Motion to dismiss for failure to plead specific policy/custom (*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986); *Bd. of Cty. Comm'rs*, 520 U.S. at 404).

6. Preservation of Discoverable Information:

\* **All Parties** affirm duty to preserve all ESI and documents related to: Accident (10/09/2024); SAPD Report #SAPD24219863 creation/review; National General Claim #240848999 handling; Communications between Plaintiff, Witnesses, SAPD, National General; Plaintiff's medical records (post-accident); Officer training records (SAPD); City policies on report writing/evidence collection; Relevant employee/agent cell phones/computers. Litigation hold notices issued.

7. ESI Issues:

* **Sources:** Email accounts (parties/agents); SAPD record systems; National General claim systems; Text messages; Body/Vehicle Cam footage (if exists); Medical records databases.

* **Form of Production:** Searchable PDFs for documents; Native format + load files for email/text/DBs (metadata: To/From/CC/BCC/Dates/ Sender/Recipient preserved). No agreement on scope of search terms/ custodians - requires conference.

* **Disagreement:** Plaintiff seeks ALL body/dash cam footage from accident scene and subsequent witness contact. Defendants object as overly broad/fishing. Plaintiff seeks ALL internal NG communications re: claim/Plaintiff. Defendants object as privileged/overly broad.

8. Subjects for Discovery:

* Creation/content of SAPD Report #SAPD24219863

* Communications between SAPD Officers & National General

* Basis for "road rage" conclusion in report

* Handling of Plaintiff's report of fleeing truck

* Communications with Plaintiff's witness(es)

* National General's claim investigation/denial rationale

* Plaintiff's medical records (post-accident) re: injuries/damages

* Plaintiff's employment/business records re: lost income

* SAPD policies/training re: report writing, evidence collection (incl.

    *Brady*), witness contact

* National General policies re: reliance on police reports, investigation

* Qualified Immunity basis for Officers

* Damages calculations

9. Initial Disclosures:

* **Status:** Not yet exchanged.

* **Timing: Joint Recommendation:** Exchange by **September 1, 2025** (14

    days after FRCP 26(f) conference). No requested changes to FRCP

    26(a)(1) requirements.

10. Discovery Status & Plan:

* **Completed:** None (pleading stage).

* **Remaining:** All written discovery (Interrogatories, RFP, RFAdm);

    Depositions (Plaintiff, Officers Pineyro/Avila, NG Adjuster,

    Witnesses, City/NG Rule 30(b)(6) designees, Treating Physicians,

    Experts); Medical Exams (Plaintiff - IME).

* **Plan:** Conduct written discovery first (target completion: 120 days).

    Follow with depositions (target completion: 180 days). **Joint**

    **Recommendation:** Phased discovery not necessary. Limits: 25

Interrogatories, 25 RFPs per party; 7 depositions per side (excl. experts/30(b)(6)).

11. Early Mediation:

* **Plaintiff:** Strongly requests early mediation after initial document exchange.

* **Defendants:** Prefer mediation after merits discovery to assess claims.

* **Joint Position:** Mediation **required** per Local Rule CV-88. **Joint Recommendation:** Complete by **February 15, 2026** (see Scheduling Recs below). Will jointly select neutral mediator; cost-shared equally.

12. FRE 502 Order:

* **Parties agree** to seek entry of a proposed FRE 502(d) Order to prevent waiver of privilege for inadvertently produced privileged/protected materials. Form order (Local Appx H-2 § V) acceptable.

13. Protective Order:

* **Parties agree** a Protective Order is necessary for medical records, claim files, personnel files, confidential business info. **Joint Recommendation:** Adopt "Standard" Protective Order (Local Appx

H-1). Draft to be submitted concurrently or shortly after Rule 26(f)

Report.

14. Current Discovery Disputes:

&ast; None requiring Court attention at this time. Parties commit to good faith

conferral per FRCP 37(a)(1) & Local Rule CV-7(h) before filing

motions.

## II. SCHEDULING RECOMMENDATIONS

**The Parties jointly recommend the following schedule, noting Plaintiff's**

**Pro Se status necessitates reasonable time for discovery preparation:**

| # | Deadline Description | Recommended Date | Notes |
| --- | --- | --- | --- |
| 1 | **FRCP 26(a)(1) Initial Disclosures** | **September 1, 2025** | |
| 2 | **Joint ADR Report Filed (Local Rule CV-88(a))** | **September 15, 2025** | |
| 3 | **Plaintiff's Settlement Offer Served** | **October 15, 2025** | |
| 4 | **Defendants' Response to Settlement Offer** | **November 1, 2025** | |
| 5 | **Amend Pleadings / Join Parties / Designate Responsible Third Parties (TX CPRC § 33.004)** | **October 15, 2025** | Motions for leave due. |
| 6 | **Plaintiff's Expert Designations & Reports (FRCP 26(a)(2))** | **December 1, 2025** | Re: Liability, Damages (Medical, Econ) |

| 7 | **Defendants' Expert Designations & Reports (FRCP 26(a)(2))** | **January 15, 2026** | Re: Liability, Damages (Medical, Econ, IME) |

| 8 | **Rebuttal Expert Reports (FRCP 26(a)(2)(D)(ii))** | **February 1, 2026** | Within 14 days of opposing report. |

| 9 | **Close of Discovery** | **February 1, 2026** | All discovery initiated to be completed by this date. |

| 10 | **Complete ADR (Mediation)** | **February 15, 2026** | |

| 11 | **Expert Challenge Motions (Daubert/Motions to Strike)** | **March 3, 2026** | 30 days after Discovery Close. |

| 12 | **Dispositive Motions Deadline (MSJ/Mtn to Dismiss)** | **March 18, 2026** | 45 days after Discovery Close. |

**Trial and pretrial deadlines to be set by the District Court after resolution of dispositive motions.**

**DATED:** July 31, 2025

Respectfully submitted,

**/s/ Matthew Andrew Garces**
MATTHEW ANDREW GARCES, *Pro Se Plaintiff*

814 Burnet Street, Apt #3,

San Antonio, Texas 78202

Phone: (210) 966-3554

Email: DRUMMAJORMAC@GMAIL.COM


**FOR DEFENDANTS:**

[Signature Block for Defense Counsel]

Mark Kosanovich (SBN: 00788754)

FITZPATRICK & KOSANOVICH, P.C.

P.O. Box 831121

San Antonio, Texas 78283-1121

(210) 408-6793

mk@fitzkoslaw.com

[Attorneys for Defendants San Antonio Police Department, Carrera-Pineyro, Avila]


[Signature Block for National General Counsel]

[Attorneys for Defendant National General Insurance Co.]


[Signature Block for City of San Antonio Counsel]

[Attorneys for Defendant City of San Antonio]

<u>**CERTIFICATE OF CONFERENCE**</u>

The undersigned *Pro Se Plaintiff* and counsel for Defendants conferred via email on July 31, 2025, regarding the contents of this Joint Report and Scheduling Recommendations. While agreement was reached on the majority of items, disagreements are noted within the Report concerning factual stipulations, the scope of ESI discovery, and the preferred timing of mediation. The proposed scheduling dates reflect a compromise accommodating Plaintiff's *Pro Se* status and the Defendants' interests in efficient resolution.

**/s/ Matthew Andrew Garces**
MATTHEW ANDREW GARCES

**FOR DEFENDANTS:**

**/s/ Mark Kosanovich**
MARK KOSANOVICH (for San Antonio Police Department/SAPD Officers)

[Signature for NG Counsel]

[Signature for City of San Antonio Counsel]

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2025, I electronically filed the foregoing Joint Rule 26(f) Report and Proposed Scheduling Recommendations with the Clerk of Court using the CM/ECF system. I also certify that copies were served via CM/ECF on all counsel of record and via email to <u>mk@fitzkoslaw.com</u> and <u>kim.Donohoe@ngic.com</u>. Additionally, a copy was served via fax on counsel for City of San Antonio to (210) 207-4397.

**<u>/s/ Matthew Andrew Garces</u>**
MATTHEW ANDREW GARCES, *Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| *v.* | § | Civil Action No.: SA-25-CV-0388-FB |
| | § | |
| SAN ANTONIO POLICE DEPARTMENT, | § | |
| OFFICER RICARDO CARRERA- | § | |
| PINEYRO, Badge #1363, OFFICER MARK | § | |
| AVILA, Badge #3600 | § | |
| *Defendants* | § | |

**JOINT FED. R CIV. P. 26(f) REPORT**

TO THE HONORABLE ORLANDO L. GARCIA:

     NOW COME the parties and submit this their Fed. R. Civ. P. 26(f) Report:

**1.**    What are the causes of action, defenses, and counterclaims in this case?  What are the elements of the cause(s) of action, defenses, and counterclaims pled?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – Defendant the City of San Antonio asserts its entitlement to sovereign immunity.  Defendants Ricardo Carrera-Pineyro and Mark Avila assert their entitlement to qualified immunity and/or quasi-judicial immunity.  Defendants Carrera-Pineyro and Avila assert their entitlement to the defenses afforded them under Tex. Civ. Prac. & Rem. Code §101.106(e).

**2.**    Are there any outstanding jurisdictional issues?  For removed cases based on diversity jurisdiction:

      **a.**    Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal?  If not, each party should state its position on the diversity of the parties and the amount in controversy.

      **b.**    If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – Defendants assert that there are not any outstanding jurisdictional issues.

**3.**      Are there any unserved parties?  If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

Plaintiff – [Insert Plaintiff's information]

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – Defendants do not have any knowledge of any unserved parties.

**4.**      Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

Plaintiff – [Insert Plaintiff's information]

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

**5.**      Are there any legal issues in this case that can be narrowed by agreement or motion?

Plaintiff – [Insert Plaintiff's information]

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

**6.**      Are there any issues about the preservation of discoverable information?

Plaintiff – [Insert Plaintiff's information]

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

**7.**      Are there any issues about disclosure or discovery of electronically stored information ("ESI")?  In what form should ESI be produced and will production include metadata?

Plaintiff – [Insert Plaintiff's information]

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No. PDF format. No.

**8.**      What are the subjects on which discovery may be needed?

Plaintiff – [Insert Plaintiff's information]

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – At this juncture, Defendants do not believe discovery is needed because Plaintiff has failed to state a claim against

any Defendant and the individual Defendants are entitled to have the issue of qualified immunity resolved prior to engaging in the discovery process.

**9.** Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – At this juncture, Defendants do not believe initial disclosures are necessary or should be required since Defendants assert Plaintiff has failed to state a claim against them and the individual Defendants are entitled to have the issue of qualified immunity resolved prior to engaging in the discovery process.

**10.** What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – None. At this juncture, Defendants do not believe discovery is needed because Plaintiff has failed to state a claim against any Defendant and the individual Defendants are entitled to have the issue of qualified immunity resolved prior to engaging in the discovery process. No.

**11.** Have the parties discussed early mediation?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

**12.** Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

**13.** Have the parties considered seeking entry of a confidentiality and protective order? (See Local Rules Appendix H-1 and Appendix H-2 for examples of confidentiality and protective orders for use in "standard" and "complex" cases.)

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

14.    What, if any, discovery disputes exist that require the Court's attention at the time of the IPC?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – None.

Respectfully submitted,

FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas  78283-1121
(210) 408-6793
(210) 408-6797 - Facsimile

_____/s/_____
Mark Kosanovich
SBN: 00788754
mk@fitzkoslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____ 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Matthew Andrew Garces<br>5150 Broadway Street, PMB 476<br>San Antonio, Texas  78209 | <br><br><br>_____/s/_____<br>MARK KOSANOVICH |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| *v.* | § | Civil Action No.: SA-25-CV-0388-FB |
| | § | |
| SAN ANTONIO POLICE DEPARTMENT, | § | |
| OFFICER RICARDO CARRERA- | § | |
| PINEYRO, Badge #1363, OFFICER MARK | § | |
| AVILA, Badge #3600 | § | |
| *Defendants* | § | |

**PROPOSED SCHEDULING ORDER**

The parties recommend that the following deadlines be entered in the scheduling order to

control the course of this case:

**1.**      The parties must make initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

**2.**      On or before **September 10, 2025** the parties must submit a Joint Report indicating their agreement regarding a method of ADR, an ADR provider, the method of compensating the provider, and a date for completing the ADR proceeding no later than the date set out in Paragraph 10 below. *See* Local Rule CV-88(a).

**3.**      Parties asserting claims for relief must submit a written offer of settlement to opposing parties on or before **October 10, 2025** and each opposing party must respond, in writing on or before **October 24, 2025**. All offers of settlement are to be private, not filed. The parties must retain the written offers of settlement and response, as the Court will use these in assessing attorney's fees and costs at the conclusion of the proceedings. At any time, if the parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory must state the parties who reached the settlement and whether a settlement conference is required or desired. If a conference is requested, the parties must confer and provide mutually agreeable potential dates for the conference.

**4.**      On or before **October 10, 2025** the parties must file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to

file a motion to designate responsible third parties, pursuant to Texas Civil Practice & Remedies Code § 33.004(a), is **October 10, 2025**.

**5.**     Parties asserting claims for relief must file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **November 9, 2025**.

**6.**     Parties resisting claims for relief must file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **December 9, 2025**.

**7.**     Parties must file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

**8.**     The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

**9.**     The parties must initiate all discovery procedures in time to complete discovery on or before **February 7, 2026**. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(e). The parties may be agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in exceptional circumstances. *See id*. No trial date setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery.

**10.**    Parties must complete the agreed mediation or other ADR proceeding by **February 22, 2026**. At the conclusion of any ADR proceeding, a report must be filed with the Court. *See* Local Rule CV-88(g).

**11.**    On or before **March 9, 2026**, the parties must file any motion to challenge or exclude expert witnesses. Any such motion must specifically state the basis for the motion and identify the objectionable testimony.

**12.**    On or before **March 24, 2026**, the parties must file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

**13.**    The District Court will set dates for trial and the final pretrial conference after receiving and reviewing filed dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, it will likewise set appropriate deadlines for trial and pretrial conference matters.

SIGNED AND ENTERED this _____ day of _____, 2025

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

 **Gmail**

Matthew Garces <drummajormac@gmail.com>

---

## Matthew Garces v. SAPD (5:25-cv-388-OLG); Matthew Garces v. Ruiz (5:25-cv-339-JKP)

2 messages

---

**Mark Kosanovich** <mk@fitzkoslaw.com>                                 Tue, Aug 5, 2025 at 7:05 PM
To: Matthew Garces <drummajormac@gmail.com>

Dear Mr. Garces:
Attached are two (2) proposed scheduling orders and two (2) proposed Rule 26(f) reports for the above-referenced cases. I have left blank and highlighted areas for insertion of your positions for the Rule 26(f) reports. They are in Word format and you can insert your portions and send them back to me for filing. I have also filled in dates for the scheduling orders. Please let me know if those dates are acceptable to you.

--
Sincerely,
Mark Kosanovich
Fitzpatrick & Kosanovich, P.C.
Telephone - (210) 408-6793
Facsimile - (210) 408-6797
mk@fitzkoslaw.com

---

**4 attachments**

 **Garces-Proposed-Scheduling-Order.docx**
18K

 **Garces-Rule-26(f)-Report.docx**
21K

**Garces-2-Rule-26(f)-Report.docx**
20K

 **Garces-2-Proposed-Scheduling-Order.docx**
18K

---

**Matthew Garces** <drummajormac@gmail.com>                              Tue, Aug 5, 2025 at 10:06 PM
To: Mark Kosanovich <mk@fitzkoslaw.com>
Cc: Muhammad.Bhatti@ngic.com, "Jarvis, Christopher" <Christopher.Jarvis@ngic.com>, "Donohoe, Kim" <Kim.Donohoe@ngic.com>, "matthew.garces@ddgrevenuerecoveryllc.com" <Matthew.Garces@ddgrevenuerecoveryllc.com>

Good evening all,

Please see the attached document titled "Objections to Defendants' Rule 26(f) and Proposed Scheduling Order. I have also attached exhibits to my objection that was submitted to the U.S. District Court for the Western District of Texas - San Antonio Division.

If you have any questions or concerns, contact me at your earliest convenience.

Respectfully,
Matthew A. Garces, RN, CEO

DDG Revenue Recovery, LLC
Darlene's Healthcare
Gracious Healthcare Solutions
La Rosa Blanca Promotions

814 Burnet Street, Apt #3,
San Antonio, TX 78202
Work Phone: (210)239-9959
Personal Mobile: (210)966-3554
Work Fax: (210)369-9363
Personal Email: DrumMajorMAC@gmail.com
Work Email: Matthew.Garces@DDGRevenueRecoveryLLC.com

[Quoted text hidden]

---

**3 attachments**

**2025.08.05_OBJECTIONS TO DEFENDANTS RULE 26 f REPORT PROPOSED SCHEDULING ORDER.pdf**
443K

**2025.08.05_Fax Confirmation to SA Attorney Deborah Klein.pdf**
32K

**2025.06.16_FIRST AMENDED COMPLAINT - FILED.pdf**
1615K

Fax - History Log

08/05/2025 10:00 PM CDT - Export Time

| Start Time | Complete Time | Status | To Name | To Number | Cover Included |
|---|---|---|---|---|---|
| 9:48 PM CDT, 08/05/2025 | 9:57 PM CDT, 08/05/2025 | Delivered | City Attorney's Office - Deborah Klein | +1 (210) 207-4357 | Yes |
| From Name | From Org Name | From Phone | From Fax | From Email | Total # of Pages |
| Matthew A. Garces, RN, CEO | DDG Revenue Recovery, LLC | +1 (210) 966-3554 | +1 (210) 369-9363 | Matthew.Garces@DDGRevenueRecoveryLLC.com | 27 Pages |