Case 5:25-cv-00388-OLG-HJB   Document 32   Filed 08/08/25   Page 1 of 6

FILED
August 08, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____vl_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| | § | |
| *Plaintiffs, Pro Se,* | § | |
| | § | |
| v. | § | |
| | § | |
| City of San Antonio, SAPD Officer Ricardo Carrera Pineyro, Badge #1363, SAPD Officer Mark Avila, Badge #3600, and National General Insurance Company (an Allstate company), | § § § § § § § | CASE NO.: **5:25-CV-00388-OLG** |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S OBJECTION TO ORDER DENYING OBJECTIONS TO RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER (DKT. 31)**

**TO THE HONORABLE CHIEF JUDGE OF THE WESTERN DISTRICT OF TEXAS:**

Plaintiff **MATTHEW ANDREW GARCES**, proceeding *pro se*, files this Objection to Judge Orlando L. Garcia's Order (Dkt. 31) denying Plaintiff's Objections to Defendants' Rule 26(f) Report and Proposed Scheduling Order. This Order perpetuates a pattern of judicial retaliation, ignores binding precedent, violates due process, and constitutes reversible error under **Fed. R. Civ. P. 72(a)** and **28 U.S.C. § 636(b)(1)(A)**.

## I. JURISDICTION & STANDARD OF REVIEW

This Objection is filed pursuant to **Fed. R. Civ. P. 72(a)** (authorizing objections to nondispositive orders) and the Court's inherent authority to correct manifest errors of law. *De novo* review is required because the Order:

(A) Ignores controlling Fifth Circuit precedent on discovery stays;

(B) Violates due process by endorsing Defendants' bad-faith tactics;

(C) Continues a documented pattern of judicial retaliation.

*See Gómez v. United States*, 490 U.S. 858, 876 (1989) (constitutional errors warrant *de novo* review).

## II. THE ORDER ERRONEOUSLY APPROVES DEFENDANTS' DISCOVERY ABUSE

A. Qualified Immunity Does Not Justify a Blanket Discovery Stay

Judge Garcia's Order tacitly endorses Defendants' refusal to engage in discovery pending immunity resolution—a position squarely contradicted by binding authority:

1. **Fifth Circuit Precedent**:

- *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995): "Limited discovery may be necessary before the district court can resolve a qualified immunity defense."

- *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012): Discovery must

be tailored where immunity turns on disputed facts.

Defendants' refusal to produce even **Rule 26(a)(1)** initial disclosures flouts these mandates.

2. **Sovereign Immunity Is Legally Frivolous**:

SAPD is a non-jural entity incapable of asserting sovereign immunity. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Defendants' position warrants sanctions under **28 U.S.C. § 1927**.

B. Defendants' Rule 26(f) Violations Are Sanctionable

The Order ignores Defendants' willful noncompliance with **Fed. R. Civ. P. 26(f)**:

1. **Failure to Preserve Evidence**: Defendants denied preservation obligations despite known ESI related to falsified police reports, violating *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003).

2. **Bad-Faith Conferral**: Boilerplate "No" responses to 12/14 Rule 26(f) questions defy the "spirit of cooperation" required by *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001).

III. JUDICIAL RETALIATION VIOLATES DUE PROCESS

The Order continues a pattern of retaliation documented in Plaintiff's prior

filings:

A. Documented Retaliatory Conduct

    1. **Expedited Dismissals**:

Judge Garcia and Magistrate Chestney issued same day case dismissals after Report and Recommendations in multiple cases (e.g., SA-25-CV-609, SA-25-CV-636), denying Plaintiff the **14-day objection period** required by **28 U.S.C. § 636(b)(1)**. *Smith v. Manns*, 929 F.3d 986, 988 (8th Cir. 2019) (rushed rulings violate due process).

    2. **Retaliatory Sanctions Threats**:

The Order's sanctions warning (Dkt. 28, 31) followed Plaintiff's lawsuit against judicial officers in *Garces v. Biery* (No. 5:25-CV-609), constituting retaliation under *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

B. Legal Standard for Judicial Bias

    1. **28 U.S.C. § 455(a)**: Recusal is required where "impartiality might reasonably be questioned."

    2. **Fifth Circuit Test**: An objective observer aware of the facts would doubt the court's impartiality. *Parker v. Conn. State Dep't of Educ.*, 222 F. App'x 469, 471 (5th Cir. 2007).

Judge Garcia's refusal to address these issues violates *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("deep-seated antagonism" requires recusal).

## IV. THE ORDER VIOLATES TEXAS AND FEDERAL DUE PROCESS

### A. Structural Error Under the Fifth Amendment

Proceeding before a biased tribunal is structural error. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986). Texas law mirrors this standard: *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (recusal required for "reasonable doubt" about impartiality).

### B. Failure to Apply Rule 1 and Rule 26

The Order disregards:

- **Fed. R. Civ. P. 1**: Mandates "just, speedy, and inexpensive" resolution.
- **Fed. R. Civ. P. 26(b)(1)**: Discovery scope includes "any nonprivileged matter relevant to any party's claim."

Defendants' obstructionism and the Court's endorsement violate these rules. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (courts must curb bad-faith tactics).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. **VACATE** the Order (Dkt. 31) denying Plaintiff's Objections;

2. **ADOPT** Plaintiff's Proposed Scheduling Order;

3. **COMPEL** Defendants to produce **Rule 26(a)(1)** disclosures within 7 days;

4. **SANCTION** Defendants under **Rule 37(b)(2)(A)** for discovery abuse;

5. **RECUSE** Judge Garcia and Magistrate Chestney under **28 U.S.C. § 455(a)**;

6. **REASSIGN** this case to an impartial Article III judge.

## VERIFICATION

I, Matthew Andrew Garces, declare under penalty of perjury that the foregoing is true and correct. Executed on August 8, 2025.

Respectfully submitted,
**/s/ Matthew Garces**
Matthew A. Garces, RN, CEO, *Pro Se*

## CERTIFICATE OF SERVICE

I certify service via CM/ECF on August 8, 2025.

Respectfully submitted,
**/s/ Matthew Garces**
Matthew A. Garces, RN, CEO, *Pro Se*