# EXHIBIT A

 **Gmail**

**Mark Kosanovich <mk@fitzkoslaw.com>**

## Matthew Garces v. SAPD (5:25-cv-388-OLG); Matthew Garces v. Ruiz (5:25-cv-339-JKP)

1 message

**Mark Kosanovich <mk@fitzkoslaw.com>**                                    Tue, Aug 5, 2025 at 7:05 PM
To: Matthew Garces <drummajormac@gmail.com>

Dear Mr. Garces:
Attached are two (2) proposed scheduling orders and two (2) proposed Rule 26(f) reports for the above-referenced cases. I have left blank and highlighted areas for insertion of your positions for the Rule 26(f) reports. They are in Word format and you can insert your portions and send them back to me for filing. I have also filled in dates for the scheduling orders. Please let me know if those dates are acceptable to you.

--
Sincerely,
Mark Kosanovich
Fitzpatrick & Kosanovich, P.C.
Telephone - (210) 408-6793
Facsimile - (210) 408-6797
mk@fitzkoslaw.com

**4 attachments**

📄 **Garces-Proposed-Scheduling-Order.docx**
    18K

📄 **Garces-Rule-26(f)-Report.docx**
    21K

📄 **Garces-2-Rule-26(f)-Report.docx**
    20K

📄 **Garces-2-Proposed-Scheduling-Order.docx**
    18K

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES,<br>*Plaintiffs*, | § | |
| | § | |
| | § | |
| | § | |
| *v.* | § | Civil Action No.: SA-25-CV-0388-FB |
| | § | |
| SAN ANTONIO POLICE DEPARTMENT, | § | |
| OFFICER RICARDO CARRERA- | § | |
| PINEYRO, Badge #1363, OFFICER MARK | § | |
| AVILA, Badge #3600 | § | |
| *Defendants* | § | |

## PROPOSED SCHEDULING ORDER

The parties recommend that the following deadlines be entered in the scheduling order to

control the course of this case:

**1.**    The parties must make initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

**2.**    On or before **September 10, 2025** the parties must submit a Joint Report indicating their agreement regarding a method of ADR, an ADR provider, the method of compensating the provider, and a date for completing the ADR proceeding no later than the date set out in Paragraph 10 below. *See* Local Rule CV-88(a).

**3.**    Parties asserting claims for relief must submit a written offer of settlement to opposing parties on or before **October 10, 2025** and each opposing party must respond, in writing on or before **October 24, 2025**. All offers of settlement are to be private, not filed. The parties must retain the written offers of settlement and response, as the Court will use these in assessing attorney's fees and costs at the conclusion of the proceedings. At any time, if the parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory must state the parties who reached the settlement and whether a settlement conference is required or desired. If a conference is requested, the parties must confer and provide mutually agreeable potential dates for the conference.

**4.**    On or before **October 10, 2025** the parties must file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practice & Remedies Code § 33.004(a), is **October 10, 2025**.

**5.**     Parties asserting claims for relief must file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **November 9, 2025**.

**6.**     Parties resisting claims for relief must file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **December 9, 2025**.

**7.**     Parties must file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

**8.**     The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

**9.**     The parties must initiate all discovery procedures in time to complete discovery on or before **February 7, 2026**. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(e). The parties may be agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in exceptional circumstances. *See id*. No trial date setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery.

**10.**     Parties must complete the agreed mediation or other ADR proceeding by **February 22, 2026**. At the conclusion of any ADR proceeding, a report must be filed with the Court. *See* Local Rule CV-88(g).

**11.**     On or before **March 9, 2026**, the parties must file any motion to challenge or exclude expert witnesses. Any such motion must specifically state the basis for the motion and identify the objectionable testimony.

**12.**     On or before **March 24, 2026**, the parties must file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

**13.**     The District Court will set dates for trial and the final pretrial conference after receiving and reviewing filed dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, it will likewise set appropriate deadlines for trial and pretrial conference matters.

SIGNED AND ENTERED this _____ day of _____, 2025

_____

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW ANDREW GARCES,          §
*Plaintiffs*,                    §
                                 §
                                 §
*v.*                             §          Civil Action No.: SA-25-CV-0388-FB
                                 §
SAN ANTONIO POLICE DEPARTMENT,   §
OFFICER RICARDO CARRERA-         §
PINEYRO, Badge #1363, OFFICER MARK §
AVILA, Badge #3600               §
*Defendants*                     §

**JOINT FED. R CIV. P. 26(f) REPORT**

TO THE HONORABLE ORLANDO L. GARCIA:

NOW COME the parties and submit this their Fed. R. Civ. P. 26(f) Report:

1.      What are the causes of action, defenses, and counterclaims in this case?  What are the elements of the cause(s) of action, defenses, and counterclaims pled?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila -- Defendant the City of San Antonio asserts its entitlement to sovereign immunity.  Defendants Ricardo Carrera-Pineyro and Mark Avila assert their entitlement to qualified immunity and/or quasi-judicial immunity.  Defendants Carrera-Pineyro and Avila assert their entitlement to the defenses afforded them under Tex. Civ. Prac. & Rem. Code §101.106(e).

2.      Are there any outstanding jurisdictional issues?  For removed cases based on diversity jurisdiction:

   a.      Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal?  If not, each party should state its position on the diversity of the parties and the amount in controversy.

   b.      If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – Defendants assert that there are not any outstanding jurisdictional issues.

**3.**    Are there any unserved parties?  If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

<u>Plaintiff</u> – [Insert Plaintiff's information]

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – Defendants do not have any knowledge of any unserved parties.

**4.**    Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

<u>Plaintiff</u> – [Insert Plaintiff's information]

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – No.

**5.**    Are there any legal issues in this case that can be narrowed by agreement or motion?

<u>Plaintiff</u> – [Insert Plaintiff's information]

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – No.

**6.**    Are there any issues about the preservation of discoverable information?

<u>Plaintiff</u> – [Insert Plaintiff's information]

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – No.

**7.**    Are there any issues about disclosure or discovery of electronically stored information ("ESI")?  In what form should ESI be produced and will production include metadata?

<u>Plaintiff</u> – [Insert Plaintiff's information]

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – No. PDF format.  No.

**8.**    What are the subjects on which discovery may be needed?

<u>Plaintiff</u> – [Insert Plaintiff's information]

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – At this juncture, Defendants do not believe discovery is needed because Plaintiff has failed to state a claim against any Defendant and the individual Defendants are entitled to have the issue of qualified immunity resolved prior to engaging in the discovery process.

9.    Have initial disclosures been made?  If not, should any changes be made in the timing, form, or requirement for initial disclosures?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – At this juncture, Defendants do not believe initial disclosures are necessary or should be required since Defendants assert Plaintiff has failed to state a claim against them and the individual Defendants are entitled to have the issue of qualified immunity resolved prior to engaging in the discovery process.

10.    What, if any, discovery has been completed?  What discovery remains to be done and when should it be completed?  Have the parties considered conducting discovery in phases or agreeing to limit discovery?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – None. At this juncture, Defendants do not believe discovery is needed because Plaintiff has failed to state a claim against any Defendant and the individual Defendants are entitled to have the issue of qualified immunity resolved prior to engaging in the discovery process. No.

11.    Have the parties discussed early mediation?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

12.    Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

13.    Have the parties considered seeking entry of a confidentiality and protective order?  (See Local Rules Appendix H-1 and Appendix H-2 for examples of confidentiality and protective orders for use in "standard" and "complex" cases.)

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila – No.

14.    What, if any, discovery disputes exist that require the Court's attention at the time of the IPC?

<mark>Plaintiff – [Insert Plaintiff's information]</mark>

<u>Defendants City of San Antonio, Ricardo Carrera-Pineyro and Mark Avila</u> – None.

Respectfully submitted,

FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas  78283-1121
(210) 408-6793
(210) 408-6797 - Facsimile

_____/s/_____
Mark Kosanovich
SBN: 00788754
mk@fitzkoslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____ 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Matthew Andrew Garces<br>5150 Broadway Street, PMB 476<br>San Antonio, Texas  78209 | <br><br>_____/s/_____<br>MARK KOSANOVICH |