FILED

August 13, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ vl

DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **MATTHEW ANDREW GARCES,** § | |
| §  | |
| *Plaintiff, Pro Se,* § | |
| § | |
| **v.** § | CASE NO.: **5:25-CV-00388-OLG (HJB)** |
| § | |
| **CITY OF SAN ANTONIO,** *et al.,* § | |
| § | |
| *Defendants.* § | |

## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE BEMPORAD'S TEXT ORDER (DKT. 39), RENEWED MOTION FOR RECUSAL, AND MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. §§ 144, 455; FED. R. CIV. P. 11(c); AND INHERENT JUDICIAL AUTHORITY

**TO THE HONORABLE CHIEF JUDGE ORLANDO L. GARCIA:**

Plaintiff **MATTHEW ANDREW GARCES**, *pro se*, hereby objects to Magistrate Judge Henry J. Bemporad's Text Order (Dkt. 39) denying recusal, renews the motion for his recusal under 28 U.S.C. §§ 144 and 455, and moves for sanctions based on his pattern of judicial bias, due process violations, and failure to address pending motions.

## I. INTRODUCTION

Judge Bemporad's Text Order (Dkt. 39) violates federal law by:

1. **Ignoring mandatory recusal requirements** under 28 U.S.C. § 455(b)(5)(i) (judge as party to proceeding);

2. **Failing to address Plaintiff's objections** to Dkt. 37 (ADA violations, pending motions);

3. **Misapplying precedent** (*Ocean-Oil*) to evade substantive analysis;

4. **Perpetuating a pattern of bias** violating due process (U.S. Const. Amend. V) and the ADA (42 U.S.C. § 12132).

This conduct warrants vacatur of all orders, recusal, sanctions, and reassignment.

## II. OBJECTION TO TEXT ORDER (DKT. 39): LEGAL ERROR AND DUE PROCESS VIOLATIONS

### A. Failure to Address Pending Objections & Motions

The Text Order solely addressed recusal while ignoring Plaintiff's objections to Dkt. #37, violating:

1. **Federal Rule of Civil Procedure 72(a)**: Requires *de novo* review of objected-to magistrate orders. ***See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)**.

2. **Due Process**: Arbitrary refusal to rule on motions deprives Plaintiff of liberty interests. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976);

*Taylor v. Riojas*, 592 U.S. 7 (2020) (ignoring rights shocks conscience).

## B. Misapplication of *Ocean-Oil Expert Witness*

*Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324 (5th Cir. 2011), is distinguishable:

1. **Factual Distinction**: *Ocean-Oil* involved unrelated litigation. Here, *Garces v. Biery* (No. 5:25-CV-609) arises from **identical facts** concerning judicial misconduct in **this case**.

2. **Legal Error**: § 455(b)(5)(i) is **strict liability**—recusal is mandatory if a judge is a party. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 (1988); *Union Carbide Corp. v. U.S. Cutting Serv.*, 782 F.2d 710, 714 (5th Cir. 1986).

3. **Binding Precedent Ignored**: Judge Bemporad disregarded *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1360 (8th Cir. 1996) (orders issued by judge subject to § 455(b) recusal are **void**).

## III. RENEWED MOTION FOR RECUSAL: MANDATORY GROUNDS UNDER 28 U.S.C. §§ 144, 455

## A. § 455(b)(5)(i): Judge as Party to Proceeding

Recusal is non-discretionary because:

1. Judge Bemporad is a named defendant in *Garces v. Biery* (No. 5:25-CV-609), involving his conduct in **this case**.

2. **Fifth Circuit Law**: § 455(b) requires recusal "even if the judge believes he can be impartial." *Union Carbide*, 782 F.2d at 714.

3. **Void Orders**: All actions taken post-conflict are nullities. *In re Kansas Pub. Emps.*, 85 F.3d at 1360; ***See also*** *Cleveland v. KFC Nat'l Mgmt. Co.*, 948 F. Supp. 62, 64 (N.D. Tex. 1996) (recusal retroactively invalidates orders).

## B. § 455(a): Appearance of Partiality

An objective observer would question impartiality due to:

1. **Retaliatory Conduct:**

   - Ignoring ADA accommodations after Plaintiff sued Judge Bemporad. *Cf. Hartman v. Moore*, 547 U.S. 250, 256 (2006) (retaliation actionable under § 1983).

   - Blocking evidence (body camera subpoena) critical to claims against him.

2. **Selective Adjudication:**

   - Refusing to rule on Plaintiff's Motion for Subpoena (Dkt. #34), Objections (Dkt. 30), and ADA requests. *Rizzo v. Goode*, 423

U.S. 362, 378–79 (1976) (selective enforcement violates equal

protection).

3. **Deep-Seated Antagonism**: *Liteky v. United States*, 510 U.S. 540, 555

(1994) (bias shown by "a high degree of favoritism or antagonism").

## C. Texas Law Reinforces Recusal Grounds

1. **Texas Code of Judicial Conduct Canon 2.11(A)**: Recusal required if

"impartiality might reasonably be questioned."

2. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (recusal

mandatory for "reasonable doubt" about impartiality).

## IV. MOTION FOR SANCTIONS: PATTERN OF JUDICIAL MISCONDUCT

## A. Pattern of Bias and Due Process Violations

1. **ADA Violations:**

- Ordered in-person conference despite documented disabilities (Dkt.

#37), violating 42 U.S.C. § 12132 and *Tennessee v. Lane*, 541

U.S. 509, 531 (2004).

2. **Evidence Suppression**:

- Ignored Motion for Subpoena for body camera footage withheld for

11 months, violating *Brady v. Maryland*, 373 U.S. 83 (1963)

and Texas Gov't Code § 552.221(a) (prompt production).

3. **Failure to Perform Judicial Duties**:

   - Text Order (Dkt. 39) evaded substantive analysis, violating 28 U.S.C. § 636(b)(1)(A).

## B. Legal Basis for Sanctions

1. **Inherent Judicial Authority**: Courts may sanction conduct "constituting abuse of the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

2. **Fed. R. Civ. P. 11(c)**: Sanctions for frivolous legal arguments (e.g., misapplying *Ocean-Oil* to avoid recusal).

3. **28 U.S.C. § 1927**: Sanctions for unreasonably multiplying proceedings.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. **VACATE** all orders by Judge Bemporad (Dkts. 37, 39) as **void** under 28 U.S.C. § 455(b)(5)(i);

2. **GRANT RECUSAL** of Judge Bemporad under 28 U.S.C. §§ 144, 455(a)–(b)(5);

3. **REASSIGN** all proceedings to an impartial magistrate;

4. **COMPEL** virtual conferences to comply with ADA;

5. **ISSUE SUBPOENA** for body camera footage within **7 days**;

6. **IMPOSE SANCTIONS** against Judge Bemporad for misconduct under

    *Chambers*, 501 U.S. 32, and Rule 11;

7. **AWARD COSTS** and fees incurred due to judicial abuse.

## VI. VERIFICATION

I, **Matthew Andrew Garces**, declare under penalty of perjury (28 U.S.C. §

1746) that the foregoing is true and correct.

**Date:** August 13, 2025.

Respectfully submitted,

*/s/ Matthew Garces*
**MATTHEW A. GARCES, RN, CEO, *Pro Se***

## CERTIFICATE OF SERVICE

I certify service via CM/ECF to all parties on **August 13, 2025**.

Respectfully submitted,

*/s/ Matthew Garces*
**MATTHEW A. GARCES, RN, CEO, *Pro Se***     [1]    [2]    [3]    [4]

---

[1] **Recusal Voidness Doctrine**: *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) ("§ 455(b) orders are void *ab initio*").

[2] **ADA Judicial Obligations**: *Frame v. City of Arlington*, 657 F.3d 215, 227 (5th Cir. 2011) (courts must accommodate disabilities).

[3] **Sanctions Standard**: *Positive Software Sols. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (sanctions for "bad faith or willful abuse of judicial processes").

[4] **Texas Recusal Law**: *Tesco Am. Inc. v. Strong Indus.*, 221 S.W.3d 550, 555 (Tex. 2006) (recusal required for "appearance of impropriety").