Case 5:25-cv-00388-OLG-HJB   Document 47   Filed 10/18/25   Page 1 of 8

FILED
October 18, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____vl_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MATTHEW ANDREW GARCES,** § | |
| § | |
| *Plaintiff, Pro Se,* § | |
| § | |
| v. § | Case No.: 5:25-CV-00388-OLG-HJB |
| § | |
| **CITY OF SAN ANTONIO; et al.,** § | |
| § | |
| *Defendants.* § | |

**PLAINTIFF'S RENEWED AND EXPEDITED MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM PURSUANT TO FED. R. CIV. P. 45**

**TO THE HONORABLE COURT:**

**COMES NOW,** Matthew Andrew Garces, Plaintiff proceeding *pro se*, and respectfully files this Renewed and Expedited Motion for the Court to issue a subpoena *duces tecum* directed to the San Antonio Police Department. Plaintiff seeks to compel the immediate production of body worn camera footage that constitutes critical, outcome determinative evidence in this 42 U.S.C. § 1983 civil rights action. The Court's failure to rule on two prior, meritorious motions for identical relief, while actively managing other docket matters, creates an appearance of partiality under 28 U.S.C. § 455(a) and causes Plaintiff ongoing, irreparable prejudice in prosecuting my case.

**I. INTRODUCTION AND PROCEDURAL HISTORY OF JUDICIAL INACTION**

This motion represents Plaintiff's third attempt to secure this indispensable evidence through proper judicial channels.

1

1. On August 8, 2025, I filed my first Motion for Subpoena *Duces Tecum* (Dkt. #33). This motion established that the SAPD's unlawful **ten to eleven month delay** in producing public records functioned as a *de facto* denial, violating Texas Government Code § 552.221 and the Due Process Clause under *Brady v. Maryland*, 373 U.S. 83 (1963).

2. On August 31, 2025, I filed a second Motion for Subpoena Duces Tecum (Dkt. #43), which reiterated the urgent and undeniable need for this evidence.

The Court has not ruled on these procedurally proper and substantively sound motions. The docket reflects active litigation and rulings on other motions filed both before and after my subpoena motions. This selective inaction, particularly when the Court subsequently sanctioned me for my efforts to advance my case, creates an appearance of judicial bias favoring the governmental defendants. This Court's failure to perform its fundamental duty to manage discovery and rule on pending motions constitutes an abuse of discretion and a denial of due process. *In re United States*, 878 F.2d 153, 158 (5th Cir. 1989) (stating a court's "failure to rule … is an abuse of discretion"); *United States v. $49,000.00 in U.S. Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (holding that a court must provide a reasoned basis for its decisions).

## II. STATEMENT OF IRREPARABLE HARM AND CRITICAL NEED

The body camera footage from Officers Ricardo Pineyro and Mark Avila from the incident on October 9, 2024, constitutes the single most important piece of evidence in this case. Plaintiff's First Amended Complaint alleges a conspiracy between these officers and a private insurer to fabricate evidence, omit exculpatory facts, and deprive me of my constitutional rights. The footage will objectively verify or refute key allegations, including the true cause of the

traffic incident, the existence of the fleeing vehicle Plaintiff reported, the officers' demeanor, any statements demonstrating bias, any witness interactions, and alleged intimidation tactics described in the complaint.

Without this footage, Plaintiff cannot meaningfully oppose dispositive motions, prepare for trial, or prove the core of my section 1983 and conspiracy claims. The SAPD's admission that it will withhold this evidence for nearly a year guarantees a spoliation risk and renders any pursuit of justice a practical impossibility. This ongoing deprivation constitutes irreparable harm. *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (discussing prejudice from the loss of evidence); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 465 (S.D.N.Y. 2010) (outlining the standard for spoliation sanctions).

### III. LEGAL BASIS FOR EXPEDITED RELIEF

**A. The Evidence Is Relevant and Discoverable Under Federal Rule of Civil Procedure 26.**

Federal Rule of Civil Procedure 26(b)(1) permits discovery of any non privileged matter relevant to any party's claim or defense and proportional to the needs of the case. The requested footage is the definition of relevant evidence. It goes directly to the heart of my claims of evidence fabrication, omissions of exculpatory evidence, malicious retaliation, and conspiracy under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The proportionality requirement is easily met, as the SAPD already possesses the digital footage and its production imposes no undue burden. *See generally* Fed. R. Civ. P. 26(b)(1) (listing proportionality factors).

**B. A Rule 45 Subpoena Is the Proper and Necessary Mechanism.**

The SAPD is a non party to this litigation. Federal Rule of Civil Procedure 45 provides the exclusive mechanism to compel document production from a non party. A subpoena under Rule 45 is proper where, as here, it commands the production of documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). The SAPD has asserted no valid privilege to justify its refusal to produce this evidence. Its administrative delay violates state law and due process; it does not constitute a recognized privilege under federal or Texas law.

**C. The Court Possesses Inherent Authority and a Mandatory Duty to Manage Discovery.**

This Court possesses the inherent authority to control its docket and manage the discovery process to ensure a just, speedy, and inexpensive determination of every action. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 31 (1962); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). This authority includes the power to compel discovery from non parties when such evidence is critical to the adjudication of federal claims. The Court's failure to exercise this authority in the face of a non party's admitted plan to withhold evidence for almost a year is an abdication of this duty and prejudices Plaintiff's substantial rights.

**D. Federal and Texas Law Mandate the Preservation and Production of This Evidence.**

1. **The Due Process Clause of the Fourteenth Amendment**, enforced through 42 U.S.C. § 1983, requires the state to preserve and produce material exculpatory evidence. *California v. Trombetta*, 467 U.S. 479, 488 89 (1984); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The body camera footage, which may exonerate Plaintiff of the fabricated "road rage"

allegation, is *per se* material exculpatory evidence in the context of Plaintiff's fabrication of evidence claims. *See, e.g., Tennessee v. Street*, 471 U.S. 409, 414 (1985).

    2.  **The Texas Public Information Act**, Tex. Gov't Code Ann. § 552.001 *et seq.*, mandates that governmental bodies "promptly produce public information for inspection or duplication… not later than the 10th business day after the date the information is requested." Tex. Gov't Code Ann. § 552.221(a). An eleven month delay is a *per se* violation of this statutory mandate. *Paxton v. City of Dallas*, 509 S.W.3d 247, 252 (Tex. 2017). The PIA provides for criminal penalties for officers who refuse to supply public information. Tex. Gov't Code Ann. § 552.353(a).

    3.  **The Texas Code of Criminal Procedure** imposes a duty on law enforcement to collect and preserve evidence, particularly evidence that may be exculpatory. While this is a civil case, the alleged constitutional violations arise from criminal justice related actions, making this duty highly relevant to the standard of care and the defendants' conduct. *See* Tex. Code Crim. Proc. Ann. art. 2.139 (addressing the duty to record and preserve custodial interrogations).

    4.  **The Court's Local Rules** for the Western District of Texas emphasize the just, speedy, and inexpensive determination of every action. Local Rule CV 1. This principle is fundamentally undermined by the Court's inaction on a motion for evidence that is the cornerstone of the Plaintiff's case.

## IV. THE COURT'S INACTION CREATES AN APPEARANCE OF IMPROPRIETY

The continued refusal to rule on two properly filed motions, while simultaneously presiding over other matters in this case, creates an undeniable appearance of partiality. This is

precisely the scenario 28 U.S.C. § 455(a) was designed to prevent, as it requires any justice, judge, or magistrate judge of the United States to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. A reasonable, well informed observer would question why a motion for critical evidence in a civil rights case against the city is being ignored for months while other motions receive prompt attention. This judicial inaction, coupled with the subsequent sanctioning of me, compounds the appearance of bias and demands immediate corrective action to preserve the integrity of these proceedings. *Liteky v. United States*, 510 U.S. 540, 548 (1994).

## V. PRAYER FOR RELIEF

**WHEREFORE, PREMISED** thereon, Plaintiff respectfully prays that this Court, in the interest of justice and to correct the appearance of judicial partiality, immediately:

1. GRANT this Renewed and Expedited Motion for Issuance of Subpoena Duces Tecum.
2. ISSUE a subpoena pursuant to Fed. R. Civ. P. 45, commanding the Custodian of Records for the San Antonio Police Department to produce, within **fourteen (14) days** of service, all body worn camera footage, including all audio and video feeds and associated metadata, from Officers Ricardo Pineyro and Mark Avila for the date of October 9, 2024, from approximately 3:48 PM to 4:42 PM, related to the incident at Bowie Street and Bonham Street, San Antonio, Texas.
3. RETAIN jurisdiction to impose spoliation sanctions, including an adverse inference instruction pursuant to Fed. R. Civ. P. 37(e), should the footage be altered, destroyed, or not produced in its complete and original form.

4. ORDER such other and further relief to which I may show myself justly entitled.

DATE: **October 7, 2025.**

Respectfully submitted,

**/s/ Matthew Garces**
MATTHEW A. GARCES, RN
Pro Se Litigant
814 Burnet Street, Apt #3
San Antonio, Texas 78202
Phone: (210) 966-3554
Email: drummajormac@gmail.com

## VERIFICATION

I, Matthew Andrew Garces, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this **7th** day of **October**, **2025**.

Respectfully submitted,

**/s/ Matthew Garces**
MATTHEW A. GARCES, RN
Pro Se Litigant

## CERTIFICATE OF CONFERENCE

I, Matthew Andrew Garces, certify that I contacted counsel for Defendants in a good faith effort to confer regarding the relief this motion seeks. Defendants maintain their opposition to any discovery at this time. Therefore, the parties have reached an impasse, which necessitates this Court's intervention.

Respectfully submitted,

**/s/ Matthew Garces**
MATTHEW A. GARCES, RN
Pro Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on this **7th** day of **October**, **2025**, I filed a true and correct copy of the foregoing document electronically via the "Electronic Submission For Pro Se Filers" website address of **https://www.txwd.uscourts.gov/filing without an attorney/electronic filing for pro se/**, due to my disabled Pacer account, and I served a copy to the defendants' counsel of record, Mr. Mark Kosanovich, at **mk@fitzkoslaw.com**.

Respectfully submitted,

**/s/ Matthew Garces**
MATTHEW A. GARCES, RN
Pro Se Litigant